FIRST UNIVERSALIST SOCIETY IN NEWBURYPORT *vs.* SOL OMON H. CURRIER, Executor.

Where plaintiffs sue as a corporation, and the defendant, on pleading the general issue, gives notice, conformably to the rule of the court, that he shall deny their corporate existence, they must prove it, or they cannot maintain their action.

A subscription paper recited that a religious society was about to erect a meetinghouse, and had chosen a prudential committee, and that certain individuals were willing to contribute towards the expense of purchasing land, and erecting said house, and that the subscribers engaged to pay to said committee, or their order, such sums of money as were affixed by the subscribers to their respective names : R. signed said paper and affixed his seal thereto, and added the words, " ten shares, five hundred dollars ;" and three others subscribed $5 each : No house was built, nor were any shares in any stock or property ever made. *Held*, that the society could maintain no action against R. on his subscription.

THIS was an action of debt on the instrument in the margin,* and was brought to recover the sum of $500, on account of the subscription thereto made by the defendant's testator.

At the trial, no proof was offered that any measures had been taken, before the commencement of the action, to build the

---

* Whereas the First Universalist Society of Newburyport are about to erect a meetinghouse for the use of said society, and whereas James Merrill, John B Greely, Austin George, Gideon Leighton, and William H. George were duly chosen the Prudential Committee of said Society at a legal meeting thereof, holden at Phœnix Hall, on the 26th day of December 1834 ; and whereas certain individuals are willing to contribute towards the expense of erecting said meetinghouse, and for the payment of land whereon to erect the same : Now we, the subscribers, being willing to contribute towards accomplishing the desirable object abovementioned, and in consideration of one dollar paid us by the afore· said committee, we hereby engage to pay or cause to be paid to said committee, or their order, on or before the first day of June next, such sums of money as

meetinghouse referred to in said instrument. The plaintiffs relied on the instrument itself ; and as the defendant admitted that his testator signed it and wrote the words "ten shares, five hundred dollars," they there rested their case.

The defendant moved the court to order a nonsuit, for the following reasons : Because no proof was offered that the plaintiffs are a society established by law, according to *St.* 1834, c. 183, and other statutes on the same subject : Because said instrument is a mere subscription for stock, and there is no proof, nor any averment in the declaration, that the plaintiffs ever offered to convey said stock, or to give certificates thereof, either to the testator in his lifetime, or, since his decease, to the defendant, or to any one else in his behalf : Because said instrument, *being a mere subscription for shares in a meetinghouse* to be built with the proceeds of said subscription, could not have been intended to bind any of the parties, unless a sum should be subscribed sufficient to complete the undertaking ; and as all the sums subscribed were obviously insufficient for that purpose, the defendant's testator could not be liable for his subscription : Because, by the terms of said instrument, the plaintiffs, in order to maintain this action, must show, that on or before the 1st of June 1835, the committee of said society proceeded to buy land and begin the building of a meetinghouse, and divided the property into shares.

The defendant had given notice to the plaintiffs, pursuant to the 56th rule of the court, (24 Pick. 400,) that he should, at the trial, defend the action on the grounds above stated.

---

are affixed by us to our respective names hereto subscribed ; and we do agree that the said committee may lay out and expend the same in the necessary erection, payment for land, &c. of such a house of worship as the said Society or their said committee may determine ; and we hereby bind ourselves, and our heirs, executors and administrators, to the payment of sums set against our respective names. as aforesaid and in manner abovementioned. In witness whereof, we have hereunto set our hands and seals this 22d day of January 1835
Daniel Richards, ten shares, five hundred dollars. [Seal.]
Peter Tenney, 5 dollars. [Seal.]
James Merrill, 5 dollars [Seal.]
Wm. H. George, 5 dollars. [Seal.]

The judge overruled the said motion of the defendant, and the parties then agreed to take the case from the jury and submit it to the whole court on the foregoing statement of facts. Plaintiffs to become nonsuit, if in the opinion of the court the above recited motion of the defendant ought to have been al· lowed ; otherwise, the defendant to be defaulted.

*Couch*, for the plaintiffs.

*Kinsman*, for the defendant.

SHAW, C. J.  We think there are several grounds of defence to this action, either of which is decisive. It is unnecessary to consider what took place at the trial, because, after the case was opened, the parties proposed to agree to a statement of facts, and upon that statement the case now comes before the court.

The defendant having given notice that he should call upon the plaintiff corporation to prove their capacity to sue as a corporation, and no proof having been offered upon this point, this would be a good defence to the action.  *Christian Society in Plymouth* v. *Macomber, (ante, 235.)*

But if this were the only objection — on the assurance of the plaintiffs' counsel, that the incorporation and organization were in fact all regular, and easily susceptible of proof, and that they were not aware that this was seriously questioned — we should be strongly inclined to discharge the present statement, and ad mit them to the proof of the necessary facts.

But we are satisfied that the paper produced constitutes no valid contract with the society. It is a paper under seal, and yet there is no covenant or stipulation whatever with the so- c ety. It is manifestly an inchoate proceeding ; a proposal, by the members of the society, as between themselves, and contemplating some further proceedings. The subscription is for " ten shares, five hundred dollars." The term " shares " implies that some stock was contemplated ; yet it is not stated what number of shares should compose the whole, nor what the stock was to consist of, nor how it was to be managed and dis· tributed ; nor does there appear to be any subscription for shares. There are three other subscriptions on the same paper,

for five dollars each, which we take to be offers of gratuitous contribution, but not offers to take shares.

But farther : There is a discrepancy between the contents of the paper, and the words connected with the testator's signature. The paper recites that the subscribers are willing to contribute something towards the erection of the meetinghouse ; the testator subscribes his name, and places against it the words " ten shares, five hundred dollars." We cannot understand this as a promise to give $ 500, without having some equivalent in shares. But yet it is nowhere averred, nor does it appear in fact, that any stock was created, or that any shares, in any stock or property, were ever offered to the testator, or to his executor. It does not appear, that any house was ever built, or any expenses incurred, in consequence of this undertaking. In short, we can perceive, in this imperfect paper, a manifestation of good will for the object contemplated by it, but no legal or binding obligation to any one, and certainly none to the plaintiff society.

*Plaintiffs nonsuit.*